**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LEVAR PAYTON, #441-397              *

Plaintiff                          *

v                                  *      Civil Action No. ELH-16-569

ROY REYNOLDS, Inmate               *
FRANK B. BISHOP, JR., Warden
                                   *
Defendants
                                  ***

## MEMORANDUM

Plaintiff  Levar Payton, who is self-represented, is a Maryland Division of Correction prisoner housed at North Branch Correctional Institution ("NBCI").  He brings this civil rights action under 42 U.S.C. § 1983, seeking money damages.  ECF 1.  Payton alleges that fellow prisoner Roy Reynolds is a danger to Payton's health because Reynolds "gives to me his perscription [sic] medications after pill calls."  Payton admits that he has "overdosed from his (yellow capsules) neurotins [sic] and (white oval shaped) muscle relaxers," which Reynolds offers him "after the nurse make[s] pill calls."  Payton further states that he has "warned…the Warden if he doesn't make corrections I'll seek habeas for (inmate) Roy Reynolds…giving me perscripted [sic] medicines [and] experimenting on me."  ECF 1 at 1-2.  Payton has also filed a Motion for Leave to Proceed in Forma Pauperis (ECF 2), which shall be granted, pursuant to 28 U.S.C. § 1915(a).

This court is obligated by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent

standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The facts alleged, taken as true, do not state a constitutional claim. In the context of the allegations advanced by Payton, he must set forth facts that show that the Warden is deliberately indifferent to his serious medical needs and that he suffered an injury as a result. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, Payton was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Liberally construed, Payton's complaint at best indicates that he willingly accepts and ingests unauthorized prescription medication given to him by fellow prisoner Roy Reynolds. He claims he has informed the Warden of his own misconduct and that of Reynolds, but sanctions have not been imposed to prohibit the misconduct in which he willingly participates. This assertion is insufficient to state a constitutional claim that he is not being treated for a serious medical condition for improper reasons.

Moreover, in order for Payton to successfully assert a violation of his constitutional rights, the named defendant must be a state actor. Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; someone

2

who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state.  *See DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999).  Inmate Reynolds is not a state official, nor does Reynolds's alleged misconduct, as described by Payton, have the imprimatur of official conduct.

Accordingly, the complaint shall be dismissed for failure to state a claim upon which relief may be granted and a "strike" will be issued.

Under 28 U.S.C. §1915(g) Payton will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The dismissal of this case constitutes Payton's first "strike."

A separate Order follows.


March 3, 2016                                    _____/s/_____
Date                                            Ellen L. Hollander
                                                United States District Judge